CASE 63.—ACTION BY F. M. MASON AGAINST J. T. BEARD
TO ENJOIN HIM FROM ENCLOSING A PASSWAY.—
November 19.

# Beard v. Mason

Appeal from Owen Circuit Court.

B. F. MENEFEE, Circuit Judge.

Judgment for plaintiff, defendant appeals—Affirmed.

Easements—Right of Way—Grant—Construction.—A ·purchaser of
land excluded from any public highway acquired a right of
way over adjacent land to a turnpike on condition that the
right should cease on the way ceasing to be the only outlet
to a public highway. Subsequently the purchaser acquired
other land between his land and a public road, but the deed
reserved to the grantor a strip which was the only outlet
to the public road. Held, That the purchaser's right in the
right of way over the adjacent land was not terminated by
his failure to purchase the entire tract so as to acquire an
outlet to a public highway, not being a fraud on the rights
of the adjacent landowner.

J. C. VALLANDINGHAM and H. W. Alexander for appellant.

JOHN W. DOUGLASS for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

Plaintiff, F. M. Mason, instituted this action
against defendant, J. T. Beard, to enjoin him from
closing the passway leading from plaintiff's farm to
Lusby's mill and Corinth turnpike. Judgment was

rendered in favor of plaintiff, and defendant appeals.

Andrew Beard, the father of Noah Beard, owned a farm consisting of about 74 acres of land, most of which was situated in Grant county, Ky., about one-half mile from any public road. Between it and Lusby's mill and Corinth turnpike road lay the farm of appellant, who is a brother of Noah Beard. Appellant's farm is situated in Owen county, Ky. Andrew Beard had made an oral gift of the 74-acre farm to his son, Noah, who desired to sell it to one Marine A. Ireland. Ireland would not purchase the farm unless Noah Beard procured for him the right of way over the land of his brother, J. T. Beard, the appellant herein, to the said turnpike road. This Noah Beard succeeded in doing by means of the following writing:—"August 20th, 1890. I, J. T. Beard, hereby guarantee unto Marine Ireland and his successor a private passway ten feet wide through my farm beginning in or near a drain in said Ireland's line and following in the same to the site of the old Horton house, thence along the brink of the right bank of the right prong of said drain to the Lusby's Mill and Corinth Turnpike. Said Marine Ireland and his successors bind themselves to keep a gate in good repair at each end of said passway and to close the same after them. Said J. T. Beard and his successors to reserve the right to put one or more intermediate gates across said passway and bind themselves to keep same in good repair and said Marine Ireland and his successors bind themselves to keep the said intermediate gates closed after them. For and in consideration of said guarantee, I have received of Noah Beard, the predecessor of said Marine Ireland to the ownership of the tract of land for which said passway is intended, the

Beard v. Mason.

sum of fifty dollars. If at any future time said pass-way should cease to be the only outlet to a public highway for the owners of said land; or should said Marine Ireland and his successors fail to comply with the spirit of this guarantee and agreement, then the same becomes null and void. [Signed] J. T. Beard. Marine Ireland." Marine Ireland subsequently purchased the 74 acres of land, which is known as the "Beagle land." Thereafter he conveyed the same to Joseph Beagle, and the latter sold the same on September 27, 1902, to appellee, F. M. Mason. On the 9th day of April, 1906, the appellee purchased from his sister and her stepdaughters, Mollie and Zula Barnes, the tract of land known as the "Barnes land," lying between said Beagle tract and the public road. The deed to appellee contained the following reservation: "Six feet of land is hereby reserved to Zula Barnes and Mary Barnes between the F. M. Mason tract of land, formerly Joe Beagle tract, and said land herein conveyed." After the purchase of this land by appellee, appellant closed up the pass-way in dispute.

It is the contention of appellant that the reservation in the deed above referred to is a violation of the spirit of the contract securing the passway, and is in fraud of appellant's rights. From the testimony it appears that, prior to the purchase of the Barnes farm by appellee, appellant stated to him that, if he bought the Barnes farm, he (appellant) would close up the right of way. Appellee replied that, if he did buy it, he would not buy it all. In giving his evidence, appellee frankly admitted that the passway in dispute was of great value to the Beagle tract of land, and that he would not have purchased the Barnes farm if it necessitated the loss

of the passway over appellant's land. Indeed, he states that the very purpose of the reservation in the deed was to prevent his losing the passway. His vendors both state that he said he would not purchase the land if he had to give up the passway in dispute. It seems that the Beagle farm adjoins Barnes' farm. The strip six feet wide, reserved to Mollie and Zula Barnes, lies between the Beagle tract and the Barnes farm, and there is no outlet from the Beagle tract to the public road, except by the passway in dispute, unless appellee has the right to cross the six feet reserved in the deed to his grantors. It must be admitted that appellee was under no legal obligation to acquire another passway from the Beagle tract of land. It was entirely a matter of discretion with him whether he would acquire the passway or not. In making the purchase he had a right to buy all of the land, or any portion thereof which he saw fit. Being under no obligation to acquire all of it, his failure so to do could not constitute a fraud upon appellant's rights. If the contract provided that, if the owner of the Beagle tract should ever have an opportunity to acquire another outlet to the public road and should fail to do so, appellant might close the passway in dispute, there might be some merit in appellant's contention. But this is not the effect of the contract actually made. It simply provides that if, at any future time, said passway should cease to be the only outlet to the public road, or should said Marine Ireland and his successors fail to comply with the spirit of the guaranty and agreement, then the same should become null and void.

The only real question in the case, therefore, is whether or not appellee has acquired another outlet

to a public highway. He has testified unequivocally to the fact that his grantors owned the strip of land six feet wide lying between the Beagle tract and the Barnes farm. His grantors testified to the same fact. The reservation in the deed is plain and certain. Manifestly, therefore, he has acquired no right of passway over the six feet of land lying between the two farms. That being the case, appellant had no right to close up the passway in dispute.

Judgment affirmed.